**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 0 5 2011 ★

BROOKLYN OFFICE

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
David Stein (DS 2119)
Michael Samuel (MS 7997)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

**BERGER ATTORNEY, P.C.**
Bradley Ian Berger (BB 1127)
321 Broadway
New York, New York 10007
(212) 571-1900

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated



SUMMONS ISSUED
MAUSKOPF J.
J. ORENSTEIN, M.J.

| | |
|---|---|
| Stanley Caesar Jr., on behalf of himself and all other persons similarly situated, | |
| Plaintiff, | CV 11 - 0082 |
| - vs. - | DOCKET NO. 1O-CV- |
| Alex Figliola Contracting Corp., Alex Figliola Water & Sewer, Inc., Alex Figliola, and John Figliola, | **COMPLAINT** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff Stanley Caesar Jr., by and through his
undersigned attorneys, for his complaint against defendants
Alex Figliola Contracting Corp., Alex Figliola Water &
Sewer, Inc., Alex Figliola, and John Figliola, alleges as

follows, on behalf of himself and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.  Plaintiff Stanley Caesar alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants Alex Figliola Contracting Corp., Alex Figliola Water & Sewer, Inc., Alex Figliola, and John Figliola who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, because defendants' violations were willful.

2.  Mr. Caesar further complains on behalf of himself and on behalf of a class of other similarly situated current and former employees of defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to (i) back wages from defendants for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations, (ii) compensation for defendants' failure to credit and pay them

for all hours worked, (iii) compensation for defendants' failure to pay them their promised vacation pay, (iv) compensation for defendants' violation of the "spread of hours" regulations pursuant to New York Labor Law and the supporting regulations, and (v) liquidated damages for these violations of New York Labor Law.

3.   Mr. Caesar further complains on behalf of himself and on behalf of a class of other similarly situated current and former employees of defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from defendants for defendants' willful failure to pay in excess of the legally-mandated prevailing wage for employees employed pursuant to public government contracts.

## THE PARTIES

4.   Plaintiff Mr. Caesar is an adult individual residing in Brooklyn, New York.

5.   Plaintiff Mr. Caesar consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); Mr. Caesar's written consent is attached hereto and incorporated by reference.

6.   Upon information and belief, defendant Alex Figliola Contracting Corp. is a New York corporation with a principal place of business at 420 Carroll Street, Brooklyn, New York.

3

7.   Upon information and belief, defendant Alex Figliola Water & Sewer, Inc., is a New York corporation with a principal place of business at 420 Carroll Street, Brooklyn, New York.

8.   At all relevant times, defendants Alex Figliola Contracting Corp. and Alex Figliola Water & Sewer, Inc. (collectively, "Corporations") have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9.   Upon information and belief, at all relevant times, defendant Corporations have had gross revenues in excess of $500,000.00 and have used goods produced in interstate commerce.

10.   Upon information and belief, at all relevant times, defendant Corporations have constituted an "enterprise" as defined in the FLSA.

11.   Upon information and belief, at all relevant times, defendant Corporations have constituted "joint employers."

12.   Upon information and belief, at all relevant times, defendant Corporations have shared common ownership and management.

defendants in the United States at any time since December 21, 2007, to the entry of judgment in this case (the "Collective Action Period"), who were employed as holiday display installers and other similar non-exempt employees within the meaning of the FLSA, and who were not paid overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

18. Pursuant to Fed.R.Civ.P. 23(a), (b)(2), and (b)(3), Mr. Caesar seeks to prosecute his New York Labor Law claims on behalf of all persons who were employed by defendants as holiday display installers, and other similar employees at any time since December 21, 2004, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law, and who have not been paid overtime wages in violation of the New York Labor Law (the "Class"), and/or who were not paid premium pay for hours worked in excess of ten hours per day.

19. Prosecution of this matter as a class is necessary because the persons in the Class identified above are so numerous that joinder of all members is impracticable.

20.   Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of defendants, upon information and belief, there are more than 50 members of the class during the Class Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

21.   Mr. Caesar will fairly and adequately protect the interests of both the Class Members and the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.

22.   Mr. Caesar's claims are typical of the claims of the Class and Collective Action Members, and Mr. Caesar has no interest that is contrary to, or in conflict with, the members of this class action or collective action.

23.   Furthermore, inasmuch as the damages suffered by individual Class Members and Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the class and collective actions to individually seek redress for the wrongs done to them.

24.   Questions of law and fact common to the members of the class and collective actions predominate over questions that may affect only individual members because defendants have acted on grounds generally applicable to all members.

25.   Among the common questions of law and fact under the FLSA and New York Labor Law common to Mr. Caesar and other Class/Collective Action Members are the following:

    a.   Whether defendants failed and/or refused to pay the Collective Action Members premium pay for hours worked in excess of forty per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    b.   Whether defendants failed and/or refused to pay the Class Members premium pay for hours worked in excess of forty per workweek, in violation of New York Labor Law and the regulations promulgated thereunder;

    c.   Whether defendants failed and/or refused to pay the Class Members the "spread of hours" premium required by New York Labor Law;

    d.   Whether defendants failed and/or refused to credit the Class Members with, or pay the Class

members for, all hours worked as required by New York Labor Law;

e.  Whether defendants failed to pay Class Members their promised vacation pay, as required by New York Labor Law;

f.  Whether defendants failed to pay Class Members the "prevailing wage" on public works contracts;

g.  whether defendants failed to keep true and accurate time records for all hours worked by Mr. Caesar and the Class or Collective Action Members;

h.  whether defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and

i.  whether defendants' violations of New York Labor Law are willful as that term is used within the context of New York Labor Law.

26.  Mr. Caesar knows of no difficulty that will be encountered in the management of this litigation that will preclude its maintenance as a collective action.

## **FACTS**

27.  At all relevant times herein, defendants owned and operated plumbing contracting businesses in New York City.

9

28.   From approximately January 2006 until October 2010, Mr. Caesar was employed by defendants as a laborer and heavy equipment operator.

29.   Mr. Caesar's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive responsibilities or discretion about significant matters of defendants' business.

30.   At all relevant times herein, Mr. Caesar was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

31.   Mr. Caesar regularly worked as many as 12 hours per day for defendants, with his shift starting at 6 a.m. and often lasting to 5 p.m. or 6 p.m. that evening.

32.   As a result, Mr. Caesar regularly worked as many as 60 hours in a week for defendants.

33.   During the time period in question, Mr. Caesar's regular rate of pay was $26.00 per hour.

34.   However, Mr. Caesar was paid biweekly, and rather than paying him overtime for his hours in excess of 40 hours in a week, defendants would only pay him overtime for his hours in excess of 80 hours over two weeks.

35.  When Mr. Caesar worked in excess of 40 hours in the first week of a pay period, defendants would frequently reduce his hours in the second week of that pay period to keep him under 80 hours in that pay period and avoid paying him overtime.

36.  Defendants willfully failed to pay Mr. Caesar the overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

37.  Mr. Caesar routinely worked in excess of ten hours per day, yet defendants willfully failed to pay him one additional hour's pay at the minimum wage for each day he worked more than ten hours in violation of the New York Labor Law.

38.  In addition, defendants failed to credit Mr. Caesar with, or pay Mr. Caesar for, all of his hours worked.

39.  Although Mr. Caesar rarely took a lunch break, defendants would automatically deduct an hour from Mr. Caesar's credited time worked for lunch every day.

40.  Although Mr. Caesar was required to punch a time clock, defendants would "round" his start and end times to

half hour intervals, cutting significant numbers of hours from Mr. Caesar's paycheck.

41. When Mr. Caesar protested defendants' pay practices, he was told by Alex Figliola, "If you don't like it, go find another job."

42. Upon information and belief, although Mr. Caesar was assigned to perform labor on public works contracts on behalf of defendants, defendants paid Mr. Caesar far less than the statutorily-required prevailing wage plus supplemental benefits.

43. Additionally, although Mr. Caesar was providing labor to defendants on public works contracts, defendants consistently failed to compensate him for hours worked outside of regular work hours, as specified in the applicable prevailing wage regulations.

44. Finally, although defendants agreed to pay Mr. Caesar one week's vacation each year, he was not given vacation pay after 2007; defendants told him that they "couldn't afford it."

45. Upon information and belief, throughout the period of Mr. Caesar's employment, both before that time (throughout the Class and Collective Action Periods) and continuing until today, defendants have likewise employed other individuals like Mr. Caesar (the Collective Action

Members/the Class) in positions that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

46. Upon information and belief, these other individuals worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

47. Upon information and belief, these other individuals worked more than 10 hours on some days but were not paid the "spread of hours" premium under New York Labor Law.

48. Upon information and belief, these other individuals were "shorted" on their credited hours due to defendants' practices of rounding their hours and deducting lunch hours whether they took a lunch break or not.

49. Upon information and belief, these other individuals were denied their promised vacation pay.

50. As stated above, the exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

51.   Upon   information   and   belief,   while   defendants employed   plaintiff   and   the   Collective   Action   Members/the Class,   and   throughout   all   relevant   time   periods,   defendants failed   to   maintain   accurate   and   sufficient   time   records   and failed   to   post   or   keep   posted   a   notice   explaining   the minimum   wage   and   overtime   pay   rights   provided   by   the   FLSA.

## COUNT I

### (Fair Labor Standards Act – Overtime)

52.   Mr.   Caesar,   on   behalf   of   himself   and   all Collective   Action   Members,   repeats,   realleges,   and incorporates   by   reference   the   foregoing   allegations   as   if set   forth   fully   and   again   herein.

53.   At   all   relevant   times,   defendants   employed   Mr. Caesar   and   each   of   the   Collective   Action   Members   within   the meaning   of   the   FLSA.

54.   At   all   relevant   times,   defendants   had   a   policy and   practice   of   refusing   to   pay   overtime   compensation   to their   employees   for   hours   they   worked   in   excess   of   forty hours   per   workweek.

55.   As   a   result   of   defendants'   willful   failure   to compensate   their   employees,   including   Mr.   Caesar   and   the Collective   Action   Members,   at   a   rate   not   less   than   one-and-one-half   times   the   regular   rate   of   pay   for   work   performed in   excess   of   forty   hours   per   workweek,   defendants   have

violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

56.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57.  Due to defendants' FLSA violations, Mr. Caesar and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law - Overtime)

58.  Mr. Caesar, on behalf of himself and the members of the Class, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

59.  At all relevant times, Mr. Caesar and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

60.  Defendants willfully violated Mr. Caesar's rights and the rights of the members of the Class by failing to pay them overtime compensation at rates not less than one-and-one-half times the regular rate of pay for each hour

worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R § 137.

61.   Defendants' failure to pay overtime was willful within the meaning of New York Labor Law § 663 and supporting regulations.

62.   Due to defendants' New York Labor Law violations, Mr. Caesar and the members of the Class are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## **COUNT III**

### **(New York Labor Law - Spread of Hours)**

63.   Mr. Caesar, on behalf of himself and the members of the Class, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

64.   At all relevant times, Mr. Caesar and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

65.   Defendants willfully violated Mr. Caesar's rights and the rights of the members of the Class by failing to pay them an additional hour's pay at the minimum wage for

each day they worked more than ten hours, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R § 137-1.7.

66.  Defendants' failure to pay the spread of hours premium was willful within the meaning of New York Labor Law § 663 and supporting regulations.

67.  Due to defendants' New York Labor Law violations, Mr. Caesar and the members of the Class are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## COUNT IV

### (New York Labor Law - Failure to Pay Wages)

68.  Mr. Caesar, on behalf of himself and the members of the Class, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

69.  At all relevant times, Mr. Caesar and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

70.  Defendants willfully violated Mr. Caesar's rights and the rights of the members of the Class by failing to

pay them wages for all hours worked, in violation of New York Labor Law § 191 and its implementing regulations.

71.  Defendants willfully violated Mr. Caesar's rights and the rights of the members of the Class by failing to pay them earned vacation pay.

72.  Defendants' failures to pay wages were willful within the meaning of New York Labor Law § 198 and supporting regulations.

73.  Due to defendants' New York Labor Law violations, Mr. Caesar and the members of the class are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## COUNT V

### (Breach of Contract – Prevailing Wage)

74.  Mr. Caesar, on behalf of himself and the members of the Class, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

75.  Defendant Corporations entered into public works contracts with public entities.

76.  As a result, Defendant Corporations were obligated to pay prevailing wages, including supplementary

benefits, to the employees who provided the services for these contracts, as well as overtime bonuses for hours beyond forty hours or outside regular work hours.

77. Mr. Caesar and the members of the Class were assigned to work on these public contracts.

78. Defendant Corporations failed to pay Mr. Caesar and the members of the Class the prevailing wage, including the appropriate premiums specified in the regulations.

79. Defendant Corporations' failure to pay the prevailing wage to Mr. Caesar and the Class members constituted a material breach of their public contracts.

80. Mr. Caesar and the Class members were third party beneficiaries of the prevailing wage requirements for these public contracts.

81. As a result, Mr. Caesar and the members of the Class have been damaged, and are entitled to recover from defendant corporations their unpaid compensation, interest, reasonable attorneys' fees, and costs and disbursements of the action.

## COUNT VI

### (Unjust Enrichment)

82. Mr. Caesar, on behalf of himself and the members of the Class, repeats, realleges, and incorporates by

reference the foregoing allegations as if set forth fully and again herein.

83. Mr. Caesar and the members of the class provided valuable services to defendants.

84. Defendants failed to compensate Mr. Caesar and the members of the class for all their time worked.

85. In addition, defendants entered into public works contracts with public entities.

86. As a result, defendants were obligated to pay prevailing wages, including supplementary benefits, to the employees who provided the services for these contracts, as well as overtime bonuses for hours beyond forty hours or outside regular work hours.

87. Upon information and belief, defendants were compensated under these public works contracts as though they had properly paid the appropriate prevailing wages to Mr. Caesar and the members of the Class.

88. Defendants failed to properly pay the full required compensation to Mr. Caesar and the members of the Class under the public works contracts.

89. As a result, defendants have been unjustly enriched at the expense of Mr. Caesar and the members of the Class, and Mr. Caesar and the members of the Class are entitled to recover from defendants their unpaid

compensation, interest, reasonable attorneys' fees, and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Caesar, on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of members of the Class and appointing plaintiff and his counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiff and his counsel to represent the Collective Action members;

c. A declarative judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

f. An award of liquidated damages as a result of defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g. Compensatory damages for failure to pay employees for all hours worked;

h. Compensatory damages for failure to pay the "spread of hours" premium;

i. Compensatory damages for failure to pay vacation pay;

j.  Liquidated  damages  for  defendants'  New  York
    Labor Law violations;

k.  Back pay;

l.  Punitive damages;

m.  An  award  of  prejudgment  and  postjudgment
    interest;

n.  An  award of costs and expenses of this action
    together  with  reasonable  attorneys'  and  expert
    fees; and

o.  Such  other,  further,  and  different  relief  as
    this Court deems just and proper.

Dated:   December 21, 2010

_____
David Stein (DS 2119)
Michael Samuel (MS 7997)
SAMUEL & STEIN
38 West 32nd Street, Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiff

23

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed.R.Civ.P. 38 (b), plaintiff Mr. Caesar demands a trial by jury on all questions of fact raised by this complaint.

Dated:  December 21, 2010

David Stein (DS 2119)
Michael Samuel (MS 7997)
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiff

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Alex Figliolia Contracting and its affiliates to pay me, *inter alia*, overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct, and consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action.  I have been provided with a copy of a retainer agreement with the law firms of Samuel & Stein and Berger Attorney P.C., and I agree to be bound by its terms.

_____
Stanley A. Caesar, Jr.


Date:  November 29, 2010