UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
Stanley Caesar Jr., on behalf of himself
And all other persons similarly situated,

                 Plaintiff,

          -vs-

Alex Figliolia Contracting Corp.,
Alex  Figliolia Water and Sewer, Inc.,
Alex Figliolia, and John Figliolia,

                Defendants.

-----------------------------------------------------x

Docket No. CV 11-0082

MAUSKOPF, J

J. ORENSTEIN, MJ

ANSWER

Defendants as and for their answer to the complaint in the above captioned matter respond to the

complaint as follows:

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 1 of the complaint.

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 2 of the complaint.

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 3 of the complaint.

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 4 of the complaint.

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 5 of the complaint.

6.      Defendants admit the allegations contained in paragraph 6 of the complaint.

7.      Defendants admit the allegations contained in paragraph 7 of the complaint.

1

8.      Defendants deny each and every allegation contained in paragraph 8 of the complaint, except to admit that defendant Alex Figliolia Contracting Corp was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA 29 U.S.C.§§ 206(a) and 207(a) until it stopped doing business in 2008 and Alex Figliolia Water and Sewer was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA 29 U.S.C.§§ 206(a) and 207(a) and defendant Alex Figliolia Water and Sewer, Inc. has been an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA 29 U.S.C.§§ 206(a) and 207(a) from the time that it began doing business in June 2008.

9.      Defendants deny each and every allegation contained in paragraph 8 of the complaint, except to admit that defendant Alex Figliolia Contracting Corp had gross revenues in excess of $500,000 and has used goods produced in interstate commerce until it stopped doing business in 2008 and Alex Figliolia Water and Sewer had gross revenues in excess of $500,000 and has used goods produced in interstate commerce from the time that it began doing business in June 2008.

10.     Defendants deny each and every allegation contained in paragraph 10 of the complaint.

11.     Defendants deny each and every allegation contained in paragraph 11 of the complaint.

12.     Defendants deny each and every allegation contained in paragraph 12 of the complaint.

13.     Defendants deny each and every allegation contained in paragraph 13 of the complaint except to admit that defendant Alex Figliolia is an owner or part owner and principal of defendant Alex Figliolia Contracting Corp. and he has the power to hire and fire employees, set wages and schedules, and retain their records.

14.     Defendants deny each and every allegation contained in paragraph 14 of the complaint except to admit that defendant John Figliolia is an owner or part owner and principal of

2

defendant Alex Figliolia Water and Sewer, Inc. and he has the power to hire and fire employees, set wages and schedules, and retain their records.

15.     Defendants deny each and every allegation contained in paragraph 15 of the complaint except to admit that this court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, and the Court has jurisdiction over Mr. Caesar's claims under that FLSA pursuant to 29 U.S.C. § 216(b).

16.     Defendants admit the allegations contained in paragraph 16 of the complaint.

17.     Defendants deny each and every allegation contained in paragraph 17 of the complaint.

18.     Defendants deny each and every allegation contained in paragraph 18 of the complaint.

19.     Defendants deny each and every allegation contained in paragraph 19 of the complaint.

20.     Defendants deny each and every allegation contained in paragraph 20 of the complaint.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the complaint.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the complaint.

23.     Defendants deny each and every allegation contained in paragraph 23 of the complaint.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the complaint.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the complaint.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the complaint.

27.     Defendants deny each and every allegation contained in paragraph 27 of the complaint.

3

28.     Defendants deny each and every allegation contained in paragraph 28 of the complaint, except to admit that plaintiff Stanley Caesar was employed by Defendant Alex Figliolia Contracting  Corp. from January 2006 until 2008 and by Alex Figliolia Water and Sewer, LLC from June 2008 until approximately October 2010.

29.     Defendants admit the allegations contained in paragraph 29 of the complaint.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the complaint.

31.     Defendants deny each and every allegation contained in paragraph 31 of the complaint.

32.     Defendants deny each and every allegation contained in paragraph 8 of the complaint.

33.     Defendants deny each and every allegation contained in paragraph 8 of the complaint.

34.     Defendants admit the allegations contained in paragraph 34 of the complaint.

35.     Defendants deny each and every allegation contained in paragraph 35 of the complaint.

36.     Defendants deny each and every allegation contained in paragraph 36 of the complaint.

37.     Defendants deny each and every allegation contained in paragraph 37 of the complaint, except to admit that the defendants did not pay Mr. Caesar one additional hour's pay at the minimum wage for each day he worked more than ten hours.

38.     Defendants deny each and every allegation contained in paragraph 38 of the complaint.

39.     Defendants deny each and every allegation contained in paragraph 39 of the complaint except to admit that defendant deducted an hour from Mr. Caesar's credited time worked for lunch every day.

40.     Defendants deny each and every allegation contained in paragraph 40 of the complaint.

41.     Defendants deny each and every allegation contained in paragraph 41 of the complaint.

42.     Defendants deny each and every allegation contained in paragraph 42 of the complaint.

4

43.     Defendants deny each and every allegation contained in paragraph 43 of the complaint.

44.     Defendants deny each and every allegation contained in paragraph 44 of the complaint, except to admit that defendants told Mr. Caesar that cound not afford to continue to pay Mr. Caesar vacation pay.

45.     Defendants deny each and every allegation contained in paragraph 45 of the complaint, except to admit that throughout the period of Mr. Caesar's employment, defendants have employed other individuals in positions that required no capital investment, and with duties and responsibilities that did not include any managerial responsibilities.

46.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the complaint.

47.     Defendants admit the allegations contained in paragraph 47 of the complaint.

48.     Defendants deny each and every allegation contained in paragraph 48 of the complaint.

49.     Defendants deny each and every allegation contained in paragraph 8 of the complaint.

50.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the complaint.

51.     Defendants deny each and every allegation contained in paragraph 51 of the complaint.

ANSWER TO COUNT I

52.     Defendants repeat and reallege each and every response contained in paragraphs 1 through 51 of this answer as if separately set forth herein.

53.     Defendants deny each and every allegation contained in paragraph 53 of the complaint except to admit that defendant Alex Figliolia Contracting Corp. employed some collective action members until June 2008 and Alex Figliolia Water and Sewer, LLC employed some collective action members from June 2008 on.

54.     Defendants deny each and every allegation contained in paragraph 8 of the complaint except to admit that defendants did not calculate overtime compensation based on hours worked in excess of forty hours per workweek.

55.     Defendants deny each and every allegation contained in paragraph 55 of the complaint, except to admit that defendants have violated 29 U.S.C. §§ 207(a)(1) and 215(a).

56.     Defendants deny each and every allegation contained in paragraph 56 of the complaint.

57.     Defendants deny each and every allegation contained in paragraph 57 of the complaint.

### ANSWER TO COUNT II

58.     Defendants repeat and reallege each and every response contained in paragraphs 1 through 57 of this answer as if separately set forth herein.

59.     Defendants deny each and every allegation contained in paragraph 59 of the complaint except to admit that Mr. Caesar was employed by Alex Figliolia Contracting Corp. from 2006 until 2008 and by Alex Figliolia Water and Sewer, LLC from June 2008 until October 2010.

60.     Defendants deny each and every allegation contained in paragraph 60 of the complaint.

61.     Defendants deny each and every allegation contained in paragraph 61 of the complaint.

62.     Defendants deny each and every allegation contained in paragraph 62 of the complaint.

### ANSWER TO COUNT III

63.     Defendants repeat and reallege each and every response contained in paragraphs 1 through 62 of this answer as if separately set forth herein.

64.     Defendants deny each and every allegation contained in paragraph 64 of the complaint except to admit that Mr. Caesar was employed by Alex Figliolia Contracting Corp. from 2006 until 2008 and by Alex Figliolia Water and Sewer, LLC from June 2008 until October 2010.

65.     Defendants deny each and every allegation contained in paragraph 65 of the complaint.

66.     Defendants deny each and every allegation contained in paragraph 66 of the complaint.

67.     Defendants deny each and every allegation contained in paragraph 67 of the complaint.

ANSWER TO COUNT IV

68.     Defendants repeat and reallege each and every response contained in paragraphs 1 through 67 of this answer as if separately set forth herein.

69.     Defendants deny each and every allegation contained in paragraph 69 of the complaint except to admit that Mr. Caesar was employed by Alex Figliolia Contracting Corp. from 2006 until 2008 and by Alex Figliolia Water and Sewer, LLC from June 2008 until October 2010.

70.     Defendants deny each and every allegation contained in paragraph 70 of the complaint.

71.     Defendants deny each and every allegation contained in paragraph 71 of the complaint.

72.     Defendants deny each and every allegation contained in paragraph 72 of the complaint.

73.     Defendants deny each and every allegation contained in paragraph 73 of the complaint.

ANSWER TO COUNT V

74.     Defendants repeat and reallege each and every response contained in paragraphs 1 through 73 of this answer as if separately set forth herein.

75.     Defendants deny each and every allegation contained in paragraph 75 of the complaint except to admit that defendant Alex Figliolia Water and Sewer, LLC entered into public works contracts with public entities.

76.     Defendants deny each and every allegation contained in paragraph 76 of the complaint, except to admit the allegations contained in paragraph 76 of the complaint as they pertain to defendant Alex Figliolia Water and Sewer, LLC.

77.     Defendants deny each and every allegation contained in paragraph 77 of the complaint.

78.     Defendants deny each and every allegation contained in paragraph 78 of the complaint.

79.     Defendants deny each and every allegation contained in paragraph 79 of the complaint.

80.     Defendants deny each and every allegation contained in paragraph 80 of the complaint.

81.     Defendants deny each and every allegation contained in paragraph 81 of the complaint.

ANSWER TO COUNT VI

82.     Defendants repeat and reallege each and every response contained in paragraphs 1 through 81 of this answer as if separately set forth herein.

83.     Defendants deny each and every allegation contained in paragraph 83 of the complaint except to admit that Mr. Caesar provided valuable services to the defendants.

84.     Defendants deny each and every allegation contained in paragraph 84 of the complaint.

85.     Defendants deny each and every allegation contained in paragraph 85 of the complaint, except to admit the allegations contained in paragraph 85 of the complaint as they pertain to defendant Alex Figliolia Water and Sewer, LLC.

86.     Defendants deny each and every allegation contained in paragraph 86 of the complaint, except to admit the allegations contained in paragraph 86 of the complaint as they pertain to defendant Alex Figliolia Water and Sewer, LLC.

87.     Defendants admit the allegations contained in paragraph 87 of the complaint.

88.     Defendants deny each and every allegation contained in paragraph 88 of the complaint.

89.     Defendants deny each and every allegation contained in paragraph 89 of the complaint.

FIRST AFFIRMATIVE DEFENSE

90.     Defendants repeat and reallege each and every response contained in paragraphs 1 through 89 of this answer as if separately set forth herein.

91.     Count III should be dismissed for failure to state a claim upon which relief can be granted inasmuch as the spread of hours regulations contained in New York State Law does not apply to

8

the defendants' type of business operations or to employees making substantially more than minimum wage.

## SECOND AFFIRMATIVE DEFENSE

92.     Defendants repeat and reallege each and every response contained in paragraphs 1 through 91 of this answer as if separately set forth herein.

93.     Count V should be dismissed because the plaintiffs do not have standing to sue defendants for a breach, if any, of prevailing wage contracts.

## THIRD AFFIRMATIVE DEFENSE

94.     Defendants repeat and reallege each and every response contained in paragraphs 1 through 93 of this answer as if separately set forth herein.

95.     Count VI should be dismissed because an action cannot be maintained for both breach of contract and unjust enrichment based on the same set of facts.

## FOURTH AFFIRMATIVE DEFENSE

96.     Defendants repeat and reallege each and every response contained in paragraphs 1 through 95 of this answer as if separately set forth herein.

97.     This Court should not exercise supplemental jurisdiction over Mr. Caesar's state alw claims.

        WHEREFORE defendants demand judgment against plaintiff dismissing this complaint,

and granting the defendants any other and further relief to which they may be entitled.

Dated: New York, New York
       March 21, 2012

                                   BEILIS & POLS, P.C.
                                   Attorneys for Defendants

                                   By: /s/ Donald Jay Pols(DP-5578)

                                      213 West 35th Street
                                      Suite 903
                                   New York, NY 10001
                                   (212) 490-2700
                                   silieb@aol.com

10